IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE, )<br>6218 Georgia Avenue, NW, Ste. 1-1235 )<br>Washington, DC  20011-5125, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL AVIATION ADMINISTRATION )<br>800 Independence Avenue SW )<br>Washington, DC 20591, )<br>)<br>　　　　　Defendant. )<br>_____ ) | Civil Action No. 25-376 |

## COMPLAINT

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant Federal Aviation Administration ("FAA"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FGI is nonprofit corporation, exempt from federal income taxes under section 501(c)(3) of the U.S. Internal Revenue Code. FGI is dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.

1

4. Defendant Federal Aviation Administration is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 800 Independence Avenue SW, Washington, D.C. 20591. Defendant FAA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. FGI routinely submits FOIA requests, and this matter concerns a FOIA request submitted to Defendant, to which Defendant has failed to respond. The request seeks records under the purview of the agency and its components and would give the public significantly more transparency into the work the agency is doing.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7. Former Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8. With regards to FGI's FOIA request, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA request. In fact, as of the date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9.     Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

**FGI'S FOIA REQUEST FOR RECORDS RELATED TO THE AIR LINE PILOTS ASSOCIATION'S EFFORTS WITH RESPECT TO "INCLUSIVE LANGUAGE."**

10.    On July 3, 2024, FGI submitted a FOIA request online to Defendant.  *See* Exhibit A.  The request sought "records of communications about efforts to change terminologies for aviation, including communications with anyone with or representing the Air Line Pilots Association, International (alpa.org) and all communications about the ALPA's efforts related to inclusive language" involving the following individuals:

- Michael Whitaker, Administrator
- Katie Thompson, Deputy Administrator
- Edward L. Bolton, Jr., Chief of Staff
- John P. Benison, Assistant Administrator, Civil Rights
- Bridgett Frey, Assistant Administrator, Communications
- Lauren R. Dudley, Assistant Administrator, Government and Industry Affairs
- Angelia G. Neal, Assistant Administrator, Human Resource Management

The request also proposed some search terms to "help guide the search":  Cockpit, Flight deck, People power, Human power, RRISEEUP, and "Respect, Responsiveness, Inspire, Show Compassion, Equality, Equity, Unity, Passion."  The time period covered by the FOIA request was July 1, 2023 until the search begins.

11.    In an email dated August 29, 2024, Defendant requested clarification of the FOIA request, which FGI responded to on the same day.  *See* Exhibit B.

12.    On September 17, 2024, Defendant acknowledged receipt of the FOIA request and assigned the request number FAA-2024-06002.  *See* Exhibit C.

13.    On September 19, 2024, FGI sent an email to Defendant summarizing a call between the parties to clarify the FOIA request.  *See* Exhibit D.

3

14. By letter dated, September 23, 2024, Defendant further acknowledged receipt of the FOIA request and indicated that the request had been assigned to several of Defendant's components. *See* Exhibit E.

15. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

17. Defendant has failed to make a determination regarding FGI's FOIA request for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

18. FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

   a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's request;

   b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining the Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: February 7, 2025

    /s/ Jeremiah L. Morgan
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com
*Counsel for Plaintiff*
FUNCTIONAL GOVERNMENT INITIATIVE